[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On August 25, 1997, the court (Bishop, J.) entered Pendente Lite orders in this case in accordance with an agreement reached and entered into by the parties. Included among those orders are: (1) the defendant is to bring current the first mortgage on the CT Page 3979 marital house by paying the sum of $5,131.01 to the mortgage holder; (2) the plaintiff is to pay the expenses of the marital home and shall hold the defendant harmless for same, including the mortgages, once the first mortgage is brought current.
On December 22, 1997, the defendant filed a motion for contempt alleging that the plaintiff has failed to pay the mortgages and is currently in arrears and foreclosure. On February 5, 1998, the plaintiff filed a motion to modify child support alleging a substantial change in circumstances.
Following a hearing on the above motions, and after considering the evidence and assessing the credibility of the witnesses, the court makes the following findings.
MOTION FOR CONTEMPT
The court finds that the first mortgage on the marital house was brought current by the defendant as ordered by the court. The court also finds based upon the evidence, including the testimony of the plaintiff, that the plaintiff has not made even a single mortgage payment since ordered to do so by the court on August 25, 1997. The plaintiff's claim that she was confused as to the orders of the court and as to the agreements she entered into and signed is disingenuous. The wording of the agreement and the orders of the court as to the responsibilities and obligations of the parties are clear and unambiguous. The court does not find the testimony of the plaintiff to be credible.
The plaintiff was clearly aware that she was responsible for paying the mortgages upon the payment of by $5,131.01 to bring the first mortgage current. She was notified by the bank in a letter dated October 22, 1997 that the mortgage payments for the months of August, September and October had not been paid (Exhibit 1), and that she was in default. Apparently she ignored the warnings from the bank, and she took on other steps to seek relief. In essence, the plaintiff completely ignored the pending financial crisis.
The plaintiff now claims that she was unable to make the mortgage payments because her income has significantly decreased. The court finds, as discussed below, that any reduction in the defendant's income is of her own doing and choice. The court ordered child support and household expense contribution has been faithfully been paid by the defendant. The plaintiff's financial CT Page 3980 situation was better after the entering of the court orders that it was when she entered into the agreement of August 25, 1997. She has not proven that she cannot make the mortgage payments as she agreed to do. She never even made an attempt to do so.
The court finds that the plaintiff wilfully disobeyed the orders of the court regarding her responsibility to make the mortgage payments. Accordingly, the plaintiff is found to be in contempt.
MOTION FOR MODIFICATION, PENDENTE LITE
On August 25, 1997, the parties filed financial affidavits with the court. In her affidavit the plaintiff indicated that she was a self-employed homemaker with a gross weekly income of $263 per week. On February 27, 1998, the plaintiff filed another financial affidavit with the court indicating that she now has a gross weekly wage of $150 per week. There are no substantial financial changes in the defendant's circumstances.
The plaintiff testified that despite the fact that she pays for full-time child day care, she is working less than 20 hours per week. She works part time on Wednesday, Thursday and Sunday. She spends much of the balance of her time keeping her house clean. She indicated that she is seeking additional or full time employment but that she does not want to work in a job where her skills, talents and interests are not utilized.
The court finds that the Plaintiff is underemployed by choice. She is seeking employment based upon her desires rather than her needs and those of her children. She has the ability and the time to obtain additional employment for 20 hours per week. Even at a minimum wage she is capable of earning in excess of an additional $100 per week. The court finds that the Plaintiff's changes in financial circumstances are of her own making, and that she has a weekly earning capacity of at least $250 per week. Accordingly, the motion for modification, pendente lite, is denied.
The court will allow the plaintiff, Dallas Woollacott, thirty (30) days from the date of this decision to purge herself from contempt by bringing current the payments due on the mortgages on the family residence, as she was ordered to do by the court on August 25, 1997. The court will consider written agreement between the parties to used additional marital assets for a lump CT Page 3981 sum payment in order to protect the remaining equity in the house, provided the bank agrees.
All orders issued by the court on August 25, 1997 remain in effect and must be fully obeyed by both parties, including payment of the mortgages. This case is to be scheduled for acompliance hearing only at 10:00 A.M. on April 23, 1998.
Per order of the court.
Terence A. Sullivan, J. Superior Court Judge